## PAXTON v BIRK et

Ohio Appeals, 3rd Dist, Crawford Co

No 1379. Decided March 20, 1937

J. D. Sears, Bucyrus, for appellant.

Edward J. Myers, Bucyrus, C. V. Vollrath, Bucyrus, for appellees.

O. W. Kennedy, Cleveland, Holliday, Grossman & McAfee, Cleveland, amici curiae.

## OPINION

By KLINGER, J.

Harry A. Paxton, plaintiff-appellant, filed his petition for damages in the Court of Common Pleas of Crawford County against the defendant appellees and The Standard Oil Company of Ohio, which is not a party to this appeal, alleging in substance the following facts:

That Gertrude Vollrath Walling, Melinkla L. Birk, Eva Vollrath, Maria M. Vollrath, Otto Vollrath, Victor Vollrath, Edna Willaman, Edward Vollrath, Jr., Charles L. Fisher, Ella Pringle, Mildred Bennett, William Bennett, O. F. Kine and Carol Lingenfelter were the owners as tenants in common of a lot and building in the City of Bucyrus, Ohio, adjacent to the real estate and personal property and place of business of the plaintiff. On February 12, 1932, the defendant Emanuel L. Birk was by the Court of Common Pleas of Crawford County, Ohio, in cause No. 17527 therein appointed as receiver of said premises and has ever since, until the 6th day of April, 1935, asserted and exercised a control and dominion over said premises. On the 21st of January, 1936, the building was injured by fire to such an extent that the remaining structure consisting in main of the four outside brick walls, was thereafter weakened, unsupported and damaged so that they were in constant danger of falling over or collapsing, all of which facts the defendants who owned said building, and the defendant Birk who asserted and exercised control thereof, knew, or by the exercise of ordinary care should have

known, but neglected and refused to remove or cause to be removed said insecure and menacing structure.

On April 6, 1936, The Standard Oil Company by decree of court obtained title and possession of the premises including said dangerous and insecure structure thereon, by confirmation of a public sale, and a deed executed and delivered to it by the sheriff of Crawford County; and has ever since owned the same and that it then and ever since has known, or by the exercise of ordinary care should have known, that said brick walls were weak, insecure and liable to fall or collapse and cause damage to the person or property of others; and that said Standard Oil Comapny negligently and carelessly failed, neglected and refused to remove said walls or support the same in a manner to prevent said walls from falling.

Plaintiff was the owner of the real estate immediately adjacent to the real estate owned by the Vollraths. On the day following the purchase by The Standard Oil Company, to-wit, on April 7, 1936, about the hour of four o'clock P. M. the east wall of said fire damaged Opera House Block by reason of its weak and insecure condition collapsed and fell onto and against the premises of the plaintiff, damaging the roof and side walls of plaintiff's building, breaking plate glass and plastering and destroying and damaging personal property on the plaintiff's premises. Plaintiff prayed for judgment against the Vollrath family who are defendants in the case. The Standard Oil Company, The Mansfield Fire Insurance Company, as well as a number of other insurance companies, and for such other and further relief as may be proper.

Demurrers were filed by all the defendants on the grounds, first, that there is a misjoinder of parties; second, that the petition does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendants. The demurrers of all the defendants to the petition were sustained, save and except the demurrer of The Standard Oil Company, which was overruled and from the overruling of which it did not appeal. The appeal is taken from the judgment of the Common Pleas Court sustaining the demurrers.

The lower court in its ruling and decision sustaining the demurrers of the parties other than The Standard Oil Company, held that the original owners of the real estate in this case, as well as the re-

ceiver, were not liable because of the injuries to plaintiff's property caused by the disrepair of the building on the real estate after the real estate had been conveyed to The Standard Oil Company. This holding is in conformity with the general rule that the grantor of lands is not liable for injury to person or property because of damages resulting from wall falling down after the vendee has taken possession of the premises unless the dangerous condition was concealed from the vendee. Volume 2, Restatement of the Law of Torts, §§366 and 374, pages 993 and 1006. See also, 41 A.L.R. 842.

It is not alleged in the petition that there were any concealed defects. The demurrers admit the walls were weak and insecure.

In the opinion of this court the great weight of authority supports the decision of the trial court, and the judgment of the court below will be affirmed at costs of appellant. Exceptions saved.

GUERNSEY, PJ, and CROW, J, concur, the latter in the judgment.